IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **NINA SUMMEY** | ) | |
|     Plaintiff, | ) | Civil Action No. 2:10cv00077 |
| | ) | |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **CAROLYN W. COLVIN**, | ) | |
|  **Acting Commissioner of** | ) | By: Pamela Meade Sargent |
|  **Social Security,** | ) | United States Magistrate Judge |
|     Defendant. | ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 18) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Nina Summey filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claims for supplemental security income, ("SSI"), and a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq*. (West 2011 & West 2012). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, upon the Commissioner's motion to remand, by order entered June 1, 2011, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 16.) By order dated May 23, 2014, the Regional Chief Administrative Law Judge authorized

Summey's counsel to collect a fee in the amount of $8,738.86 for services provided to Summey for proceedings before the Social Security Administration, pursuant to 42 U.S.C.A. § 406(a). (Docket Item No. 19-3.) Counsel for Summey now has filed a petition seeking approval of a fee of $2,295.14 for representing Summey in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 18.) The Commissioner responded to the Motion, not objecting to the plaintiff's request for a fee or to the amount requested. (Docket Item No. 21.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam). Here, as stated above, Summey has provided an order from the Regional Chief Administrative Law Judge stating that plaintiff's counsel had previously been authorized to collect a fee of $8,738.86 for services performed before the Social Security Administration. (Docket Item No. 19-3).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Summey's counsel has provided the court with an October 29, 2007, fee agreement, in which Summey agreed to pay counsel 25 percent of her past-due Social Security benefits for representing her on her DIB claim if counsel was

ultimately successful in pursuing the claim in this court. (Docket Item No. 19-4). Summey's counsel also has provided the court with a copy of the Social Security Administration's May 15, 2012, Notice of Award Letter, which states that it withheld $11,034.00, or 25 percent, from Summey's past-due DIB benefits for payment of an attorney's fee. (Docket Item No. 19-2).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Summey's counsel has supplied evidence that shows that a total of 17.25 hours was spent in representing Summey in this court. Counsel has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee. Counsel also has not

-3-
Case 2:10-cv-00077-JPJ-PMS   Document 22   Filed 08/14/14   Page 3 of 10   Pageid#: 564

divided the time expended into attorney time and nonattorney time.[1]

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed .25 hour of time for sending a letter to Summey regarding the Appeals Council's denial of her claim, advising her of the procedures to file an appeal in this court and forwarding forms for completion and return. I recommend that the court allow .25 hour of nonattorney time for this. Counsel

---

[1] The court notes that seven entries of the 33 entries contained in the itemization of time reflect that they were performed by plaintiff's counsel. The remaining entries, however, do not specify by whom they were performed.

also claims .50 hour of time for his review of Summey's file and the medical evidence. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time. Counsel claims .25 hour of time for sending a letter to Summey, enclosing the incomplete appeal form for this court for Summey to complete and return. I recommend that the court allow .25 hour of nonattorney time for this. Plaintiff's counsel also claims .25 hour of time for receipt, review and filing of the appeal forms in this court. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .50 hour of time for reviewing Summey's file to determine her case status. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel also claims .25 hour of time for sending a letter to Summey regarding the Appeals Council's denial of her claim, advising her of the procedures to file an appeal in this court and forwarding forms for completion and return. This appears to be a duplicate entry. Therefore, I recommend that the court not allow this time as requested. Counsel claims .25 hour of time for attempting to place a phone call to Summey regarding the appeal form and for review of her file. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel also claims .25 hour of time for receipt, review and filing the completed forms from Summey to file an appeal in this court, which also appears to be a duplicate entry. Thus, I recommend that the court not allow this time. Counsel claims .25 hour of time for receipt and filing of the domestic return receipt. I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims 2.00 hours for preparation of the Complaint, IFP Application, supporting documentation and Order, Civil Cover Sheet and Summons and forwarding the same to this court. I recommend that the court allow .75 hour of nonattorney time for these activities. Counsel claims .25 hour of time for forwarding the Summons and Complaint for Service. I recommend that the court

allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for receipt, review and filing of this court's order granting IFP status. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel also claims .50 hour of time for taking a phone call from Summey regarding the appeal process, answering her questions and, later, reviewing her file. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for these activities. Counsel claims .25 hour of time for review of Summey's file to determine the status of the case. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel also claims .25 hour of time for completion of return of service via the court's electronic filing system. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for preparation of a letter to the court, enclosing the signed Consent to Magistrate Judge Jurisdiction. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel claims .50 hour of time for receipt of the Answer and Magistrate Judge's notice to counsel with Consent. I recommend that the court allow .25 hour of attorney time for this. Counsel also claims 2.00 hours of time for receipt of the Administrative Transcript and review by counsel with comparison to information in Summey's file to determine case strategy. I find this request reasonable, and I recommend that the court allow 2.00 hours of attorney time for this. Counsel claims .25 hour of time for receipt, review and filing of the court's Briefing Order. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .50 hour of time for review of Summey's file to determine the status of the case. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel also claims .25 hour of time for preparing and forwarding a Motion for Extension of Time to file Brief with this court and .25 hour of time for receipt, review and filing of this court's order

granting that motion.  I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for these activities combined. Counsel claims .50 hour of time for taking a phone call from Summey regarding the case status, answering her questions and, later, review of the file by counsel.  I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel also claims .50 hour of time for review of the file to determine the status of the case.  I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this.  Counsel claims .25 hour of time for filing the Brief with this court and sending a letter to Summey with a copy of the Brief.  I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims 3.00 hours of time for review of the Brief by counsel and pulling the file and comparing the Brief with Summey's case history and evidence. I recommend that the court allow 2.00 hours of attorney time and 1.00 hour of nonattorney time for this.  Counsel claims .25 hour of time for taking a phone call from Patty Stewart regarding consent to remand the case, and .25 hour of time for placing a phone call to Stewart agreeing to the remand.  I find these requests reasonable, and I recommend that the court allow .50 hour of attorney time for these activities combined.  Counsel also claims .50 hour of time for review of the case file to determine the status of the case.  I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this.  Counsel claims .25 hour of time for receipt of the Commissioner's uncontested Motion for Remand.  I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this.  Counsel also claims .50 hour of time for review of the file by counsel to determine the status of the case.  I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this.  Counsel claims .50 hour of time for receipt, review and filing of the Final Judgment and Order and sending a copy of the same to Summey.  I recommend that the court allow .25 hour of

attorney time and .25 hour of nonattorney time for these activities. Counsel also claims .50 hour of time for taking a phone call from Summey regarding the remand, answering her questions and, later, review of the file by counsel. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 11hours of attorney time and a total of 4.25 hours of nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). At a $75 rate, $318.75 of the requested fee would be payable for nonattorney time. That would leave $1,976.39 for counsel's time, which, if paid for the remaining 11hours of work, would result in a payment of approximately $179.67 per hour. This court has held that an hourly fee of $150.00 is reasonable. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002); *Lambert v. Apfel*, 89 F. Supp. 2d 748, 750 (W.D. Va. 2000). Additionally, I am, as stated above, obliged to consider Summey's fee agreement, which allowed for payment of 25 percent of past-due benefits. Additionally, the Government has responded to the Motion and states that it does not object to the award of the requested fee. Considering these things, and in light of the fact that counsel undertook this case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $2,295.14 is reasonable for the attorney's services before this court. Moreover, the total of the attorney's fee now sought and a previously awarded fee of $8,738.86 for services provided before the Social Security

Administration does not exceed 25 percent of the total of Summey's past-due benefits. In fact, it appears that 25 percent of the past-due benefits is $11,034.00, which is exactly the sum of the amount previously awarded and the amount now sought. Considering these things, I find that a total fee of $2,295.14 is reasonable for the attorney's services before this court. All of this being the case, I recommend that the court award the requested attorney's fee in the amount of $2,295.14.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $2,295.14.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2014):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion

of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: August 13, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-10-
Case 2:10-cv-00077-JPJ-PMS   Document 22   Filed 08/14/14   Page 10 of 10   Pageid#: 571